UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAKESH DHINGRA,<br><br>    Plaintiff,<br><br>  vs.<br><br>USA,<br><br>    Defendant. | Case No: C 18-06627 SBA<br><br>Related to:<br>CR 01-40144 SBA<br>C 16-03803 SBA<br>C 16-06827 SBA<br>C 18-03600 SBA<br><br>**ORDER DISMISSING ACTION** |

    This action is the latest in a series of pro se lawsuits filed by Plaintiff Rakesh Dhingra ("Dhingra") to invalidate his 2002 criminal conviction for using the internet to solicit sexual activity from a minor in violation of 18 U.S.C. § 2422(b). Pursuant to 28 U.S.C. § 1915(e)(2), the Court DISMISSES the action.

**I.   BACKGROUND[1]**

    **A.   THE UNDERLYING CRIMINAL ACTION**

    In July 2000, Dhingra, who was then 40 years old, contacted a minor girl, Eliina Belenkiy ("Belenkiy"), using the Internet-based America Online instant messenger ("IM") service. Over the course of several days, Dhingra and the minor engaged in extensive IM conversations that included sexual topics. The minor stated on multiple occasions that she was only 14 years old, and Dhingra repeatedly acknowledged her stated age.

    Dhingra and Belenkiy arranged to meet at a local community college on July 10, 2000. During that in-person encounter, Dhingra engaged in sexual activity with the minor. Belenkiy reported the incident to a teacher, and then, with the teacher's urging, to local law enforcement officials. Local law enforcement officials arrested Dhingra after covertly

---

[1] The parties are familiar with the facts and allegations of the prior actions, which are summarized herein only to the extent they are pertinent to the resolution of the action.

arranging a second meeting between him and the minor. On July 14, 2000, local law enforcement officials contacted the Federal Bureau of Investigations ("FBI"), including Agent Charles Esposito ("Agent Esposito"), to further investigate the offense.

In 2001, the United States charged Dhingra with one count of using the internet to solicit sexual activity from a minor in violation of 18 U.S.C. § 2422(b). United States v. Dhingra, No. 01-cr-40144 SBA. In 2002, a jury found Dhingra guilty of that offense, and the Court imposed a sentence of 24 months in custody and 3 years of supervised release. Dhingra appealed his conviction to the Ninth Circuit, which affirmed the judgment in a published decision. United States v. Dhingra, 371 F.3d 557 (9th Cir. 2004).

### B. THE FIRST CIVIL ACTION

In July 2016, Dhingra filed suit against the United States, along with an application to proceed in forma pauperis ("IFP"). Dhingra v. United States, No. 16-cv-03803 SBA (hereafter, "First Civil Action"). In a single pleading, he brought both a civil complaint for damages and a petition for writ of error coram nobis.

In that action, Dhingra alleged that the "purported minor" victim of his criminal offense—Belenkiy—was actually an adult "undercover FBI Agent/Informer." He further alleged that Agent Esposito "sent a baby faced adult" to meet him as part of a "cyber squad operation . . . to catch persons who had been actively looking for illegal sexual conduct with minors." According to Dhingra, the FBI undertook this operation to falsely arrest, prosecute, and convict him. He claimed that the FBI fabricated evidence regarding the "fictitious minor" and committed perjury by presenting that fiction to a jury at trial. As relief, Dhingra sought damages and an order overturning his criminal conviction.

In September 2016, the Court issued an order dismissing the First Civil Action. The Court found that the civil claims were barred by the principles enunciated in Heck v. Humphrey, 512 U.S. 477 (1997). Regarding the petition for writ of error coram nobis, the Court found that Dhingra did not satisfy the requirements for such extraordinary relief. Specifically, he failed to demonstrate due diligence in pursuing his claim and failed to provide facts supporting his assertion that the victim of his offense was an adult FBI agent.

Dhingra filed a motion for reconsideration, which the Court denied. In November 2016, Dhingra filed a notice of appeal, along with an application to proceed IFP on appeal. The Court certified the appeal as frivolous and denied the application to proceed IFP. Thereafter, the Ninth Circuit dismissed the appeal as frivolous. Case No. 16-17198.

### C. THE SECOND CIVIL ACTION

In November 2016, Dhingra filed suit against Belenkiy, along with an application to proceed IFP. Dhingra v. Belenkiy, No. 16-cv-06827 SBA (hereafter, "Second Civil Action"). The factual allegations were nearly identical to those set forth in the First Civil Action. Specifically, Dhingra alleged that Agent Esposito was running a "cyber squad operation" and "using FBI Agent/Informer . . . Eliina Belenkiy, an adult with baby faced appearance as bait to catch persons who had been actively looking for illegal sexual contact with minors." However, the Second Civil Action alleged that Belenkiy had fabricated evidence and committed perjury. Again, Dhingra sought damages and an order overturning his criminal conviction.

In March 2017, the Court issued an order dismissing the Second Civil Action, again finding that Dhingra's claims were barred by Heck. Dhingra filed several motions for reconsideration and to alter or amend the judgment, which the Court denied. He did not file an appeal. However, shortly after dismissal of the Second Civil Action, Dhingra filed a second petition for writ or error coram nobis in 01-cv-40144 SBA. The petition is pending.

### D. THE INSTANT CIVIL ACTION[2]

On October 31, 2018, Dhingra filed a class action complaint against the United States, Dkt. 1, along with an application to proceed IFP, Dkt. 2. In the original complaint, he sought to represent "anyone" indicted or convicted for violation of § 2422(b) under circumstances involving, inter alia, a "fictitious" minor acting at the direction of "law enforcement." Though the precise nature of Dhingra's cause(s) of action was not entirely clear, the complaint sought a declaration invalidating any indictment and/or conviction for

---

[2] In June 2018, Dhingra filed a class action complaint against Esposito and Belenkiy. Case No. 18-cv-03600-SBA. He voluntarily dismissed the action in September 2018.

violation of § 2422(b) wherein certain facts—generally corresponding to the facts underlying his conviction—are implicated. Upon sua sponte referral from Magistrate Judge Ryu, the action was related to the underlying criminal and prior civil actions, resulting in reassignment of the action to this Court on December 19, 2018. See Dkt. 10.

On December 26, 2018, Dhingra filed a motion for a temporary restraining order and preliminary injunction, wherein he sought an order requiring the United States to restore his passport credentials. Dkt. 12. He stated that the State Department had revoked his passport and instructed him to apply for a new one due to his criminal conviction in 01-cv-40144. He further stated that any new passport will be marked "sex offender," which will prevent him from entering other countries. Dhingra claimed that preliminary injunctive relief was warranted because law enforcement officials had committed perjury and obstruction of justice in prosecuting the underlying criminal action, rendering his conviction invalid.

On December 27, 2018, the Court issued an order denying Dhingra's motion for a temporary restraining order and preliminary injunction on several grounds. Dkt. 13. As is pertinent here, the Court found that Dhingra failed to show a likelihood of success on the merits of his action because, as a pro se litigant, he cannot bring a class action. The Court further found that, to the extent Dhingra's claims are predicated on alleged improprieties relating specifically to *his* criminal prosecution, the Ninth Circuit and this Court had previously rejected such claims in the prior actions.

On December 28, 2018, Dhingra filed a motion to amend or alter the Court's order denying a temporary restraining order and preliminary injunction. Dkt. 14. On January 7, 2019, he filed a supplement to the motion to amend or alter the Court's order, Dkt. 18, and noticed the motion for hearing on February 13, 2019, Dkt. 17.

In the meantime, on January 2, 2019, Dhingra filed an Amended Complaint, wherein he restyles the action as one brought solely on his own behalf. Dkt. 15. The allegations of the Amended Complaint are otherwise similar to the allegations of the original complaint. As relief, he now seeks an order invaliding his indictment and conviction for violation of § 2422(b), restoration of his rights, and such other relief as the Court deems appropriate.

## II. LEGAL STANDARD

A court may authorize the commencement of an action without prepayment of fees by a litigant who demonstrates that he is unable to pay. 28 U.S.C. §1915(a)(1). The Court "shall dismiss" such an action, however, if it determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e) not only permits but *requires* a district court to dismiss an in forma pauperis complaint that fails to state a claim.") (emphasis added).

## III. DISCUSSION

The Court finds—as it did in the prior civil actions—that Dhingra's claims are barred by Heck. Under Heck, any claim that necessarily implies the invalidity of a prior criminal conviction is barred unless the conviction has been reversed, expunged, or otherwise declared invalid. 512 U.S. at 486-87. Here, Dhingra attacks his underlying conviction on various grounds. The action hinges on allegations that his arrest, prosecution, and conviction constitute a "mis-use or corruption" of § 2422(b) because the victim of the offense was a "fictitious" minor acting at the direction of law enforcement officials. Dhingra seeks a declaration invalidating his conviction, which has not been vacated. Accordingly, the action is DISMISSED without prejudice to renewal if and when Dhingra succeeds in vacating his criminal conviction.[3]

The Court notes that Dhingra has filed three frivolous civil actions (and a prior unsuccessful petition for writ of error coram nobis) based on the same set of facts. The Court warns that such litigation abuse will not be tolerated and may result in the imposition of sanctions and/or filing restrictions should Dhingra persist in pursuing meritless IFP actions. See Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1061 (9th Cir.

---

[3] To the extent Dhingra seeks an order vacating his criminal conviction, such relief is properly sought, if at all, by way of a petition for writ of error coram nobis. The Court will issue a separate order on Dhingra's second, pending petition in Case No. 01-cr-40144.

2014) ("Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'") (quoting De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990)).

IV. **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. The instant action is DISMISSED.

2. Dhingra's application to proceed IFP, Dkt. 2, and motion for permission to e-file, Dkt. 6, are DENIED as moot. Dhingra's motion to amend or alter the order denying preliminary injunctive relief is also DENIED as moot. See Dex Media W., Inc. v. City of Seattle, 696 F.3d 952, 956 n.1 (9th Cir. 2012) (review of order denying preliminary injunctive relief "would have no practical consequences" after decision on the merits).

3. The Court certifies that any appeal taken from this order will not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

4. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 1/17/2019

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge